## BASSETT *vs.* SPOFFORD.

Charges upon a physician's bill, for " visits and medicines," are sufficiently specific, although the quality and quantity of the medicines are not designated ; it not appearing that they varied from the usual mode adopted by physicians in making charges.

The book of accounts of a party, supported by his oath, is competent evidence to prove the payment of sums of money not exceeding $6·67.

ASSUMPSIT, on an account annexed to the writ.

The plaintiff was a physician, and the account contained

various charges for " visits and medicine," to the family of
the defendant ; but the quantity and quality of the medi-
cines were not specified.    There was also a charge of $5·00,
for cash delivered to the defendant.

To prove the charges, the plaintiff offered in evidence his
book of accounts, supported by his oath.    To the admission
of this evidence the defendant objected ; but the objection
was overruled, and the evidence admitted.    The jury re-
turned a verdict for the plaintiff, which the defendant moved
to set aside, and for a new trial.

*Bartlett*, for the defendant.    There is nothing in these
charges by which the proper compensation can be ascertain-
ed.    The quantity of the medicine should have been speci-
fied, and its quality, the distance which the physician trav-
elled, and the time he was necessarily employed.

The charge for cash is easily made, and disproved with
difficulty.    Books of accounts are not evidence of the pay-
ment of money, unless where the accounts are mutual.

*Tuck*, for the plaintiff.    The charges are as definité as
charges for services of this character usually are.  A recovery
in this case would estop the plaintiff from recovering again
upon this account.   *McCoy* vs. *Lightner*, 2 *Watts* 347, (34
*Am. Jurist* 433.)

It has always been held, in Massachusetts, that books of
account were competent evidence to prove the payment of
sums not exceeding $6·67, even where the accounts were
not mutual.   *Shillaber* vs. *Bingham*, 3 *Dane Abr.* 321.

GILCHRIST, J.   It does not appear that the charges in this
case are less specific than charges usually made by physi-
cians for professional services of this character, or that the
amount is larger than physicians usually receive for such
services.   The charge is, " To visit and medicine, 34."   In
this is included the compensation to the physician for the

Bassett *v.* Spofford.

exercise of his professional skill, and for the medicine he furnishes. Had this been shown to be different from the usage of medical men, it might be proper to enquire into the character of the disease, and the circumstances under which the services were performed; but the charge stands well enough, until something is shown to the contrary. There is nothing upon the face of the charges to create any suspicion of their correctness; and we cannot, without evidence, make any presumption against them. Or, if there had been a general charge for "visits and medicine" throughout the year, and a gross sum affixed thereto, for compensation to the physician and for medicines furnished, there might be some reason for enquiring into it. But here is a specific sum charged for each visit; and it was competent for the defendant to show that the services were not rendered, and that the charges were unreasonable, if such had been the facts.

It is held, in South Carolina, that charges in a physician's bill must be specific, and not general. *Hughes* vs. *Hampton*, 2 *Const. Rep.* 746; and that whether they are sufficiently specific must be decided by the court according to the prevailing usage in similar cases. *Schmidt* vs. *Quin*, 1 *Rep. Conn. Ct.* 418; 2 *Bailey* 449.

In an action for the price of blacksmith's work done, it having first been proved by the journeyman that he made the entries on a slate for two or three days, until it was filled, when it was transferred to the book; that he did not remember the items, but knew it amounted to three or four dollars, it was held that the book account, which was for three dollars and a half, should be received in evidence. *McCoy* vs. *Lightner*, 2 *Watts* 347.

We think this objection cannot be sustained.

It is further objected, that the book of accounts is not competent evidence to prove the payment of money to the defendant. But the practice in several of the New-England states is, to admit books of accounts as evidence of the pay-

Bassett *v.* Spofford.

ment of sums not exceeding $6·67. In *Shillaber* vs. *Bingham*, reported in 3 *Dane Abr.* 321, the defendant objected to a book of account as evidence to support so large a charge as seventy-eight bushels of salt, in one item, and one hundred thirty-two gallons of rum, in another; but the court held that as these were articles of merchandize as to which the court had made no distinction as to quantities, the evidence must be admitted ; but as to money, there had been a distinction made, and forty shillings was the rule.

It is also said, in *Union Bank* vs. *Knapp*, 3 *Pick.* 109, that the sums to be proved in this manner have been limited to $6·67 ; and the same rule is laid down in *Burns* vs. *Fay*, 14 *Pick.* 12, and is recognized in *Dunn* vs. *Whitney*, 1 *Fairf.* 9.

We are, therefore, of opinion that the evidence was properly admitted, and that there must be

*Judgment on the verdict.*