# DAVIS *vs.* SANDERS.

In an action to recover the price of a threshing machine, the plaintiff, to prove the sale, offered evidence that the defendant had admitted to third persons that the property was his. To rebut this, the defendant offered evidence, that he said it was his, at the request of the plaintiff, who desired to prevent its being attached by the creditors of the real owner—*Held*, that the defendant was not estopped by such admissions from showing that he had never purchased the property.

A witness for the plaintiff, upon his examination in chief, testified that one Barker, wishing to attach the machine as the property of one Buzzell, requested him to see what the defendant and Buzzell said about it. On his cross examination, he was asked to relate the whole conversation with Barker; and he testified that Barker said, that the plaintiff told him that the defendant had no interest in the machine—*Held*, that this was hearsay evidence, and as such inadmissible.

ASSUMPSIT, to recover the price of a threshing machine, alleged to have been sold the defendant by the plaintiff.

It appeared, that before the alleged sale to the defendant, the machine had been sold by the plaintiff to one Buzzell, and the plaintiff contended that, by the agreement of all

parties, the contract of sale to Buzzell had been rescinded, and that the defendant became the purchaser.

Drake, a witness for the plaintiff, testified that he, as a deputy sheriff, had an execution against Buzzell in favor of one Barker ; and that Barker, wishing to levy upon the machine as the property of Buzzell, had a conversation with the witness upon the subject, in the course of which he requested the witness to talk with Buzzell and the defendant, and see what they said about the machine.

On the cross examination of Drake, the counsel for the defendant asked him to relate the whole conversation with Barker.    To this the plaintiff objected, but the court permitted the enquiry to be made, and the witness testified that Barker said that the plaintiff told him that the defendant had no interest in the machine.

Drake also testified that on the third day of September, 1838, he levied the execution upon the machine, as the property of Buzzell—that the defendant claimed it as his property—that Buzzell also said it belonged to the defendant, and that Barker, in consequence thereof, released his lien upon the machine.

Upon this point, Robert Sanders, a witness for the defendant, testified, that previous to the third day of September, 1838, the plaintiff, in his presence, requested the defendant to be good enough to call the machine his, (the defendant's)—that he (the plaintiff,) had no doubt Buzzell would eventually pay for it, if he could retain it in his possession, without its being attached by his creditors ; as he could soon earn money enough with it to pay for it, but that he did not wish it to be called Buzzell's property.

The counsel for the plaintiff requested the court to charge the jury, that the defendant was estopped by his declarations to Drake, that the machine was his, from showing that it was not his property ; but the court instructed the jury that the defendant was not estopped by such declarations, if they believed them to have been made by the request of the plaintiff.

Davis *v.* Sanders.

The jury returned a verdict for the defendant, and the plaintiff moved to set aside the verdict, and for a new trial, on account of the instructions of the court, and the admission of the evidence as aforesaid.

*Sawyer & Hobbs,* for the plaintiff.

*L. D. Sawyer, & Hale,* for the defendant.

GILCHRIST, J.  The cases where the acts or admissions of a party are adjudged to operate against him, by way of estoppel, as an estoppel *in pais*, are generally cases where, in good conscience and honest dealing, he ought not to be permitted to gainsay them.   And as a general rule, a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of the latter.   *Welland Canal Co.* vs. *Hathaway,* 4 *Wend.* 483.   Thus, where the plaintiffs, by their attorney, called upon the defendant for his rent, and inquired if there was any property upon the premises out of which it could be collected by distress, he answered that there was not, and pointed out all the property he had, which was but a trifle.   On the trial of the ejectment, brought for the default in payment of the rent, the defendant offered to show that there was sufficient property on the premises, out of which the rent could have been collected.   But it was held, that he was estopped from disputing the truth of his admission to the plaintiff's attorney.   *First Presbyterian Cong. of Salem* vs. *Williams,* 9 *Wend.* 147.   So, where the defendant, a wharfinger, had acknowledged certain timber on his wharf to be the property of the plaintiff, it was held that he could not dispute the plaintiff's title, in an action of trover brought against him by the plaintiff.   It appeared that the defendant, when he made the admission, knew that the timber had been sold to a third person, and Mr. Justice Alder-

son says, that he cannot afterwards be allowed to dispute the plaintiff's title, " on grounds with which he was fully acquainted when he made the admission." *Gosling* vs. *Birnie, 7 Bingh.* 339; *Hawes* vs. *Watson,* 2 *B. & C.* 540.

And a strong example of the conclusiveness of an admission by a party which entitles and induces a plaintiff to bring and maintain an action, whether the admission were true or false, is to be found in *Hall* vs. *White,* 3 *Carr. & P.* 136, where Best, C. J., says, "if the defendant said that he had the deeds, and thereby induced the plaintiffs to bring their action against him, I shall hold that they may recover against him, although the assertion was a fraud on his part."

These authorities show, that a party is usually concluded by admissions upon which others have been induced to act, and where, if he were permitted to prove that such admissions were false, he would be enabled to injure those persons who were misled by them. And this rule would undoubtedly apply in a suit between this defendant and the officer who might have taken the machine as his property. If the defendant had seen fit, deliberately and against his better knowledge, to tell a falsehood, he could not be permitted to set up the title of Davis, and, in the words of Mr. Justice Alderson, to dispute the title of the officer "on grounds with which he was fully acquainted when he made the admission."

But the case assumes a different aspect, when it is considered as a controversy between the plaintiff and the defendant. There is no rule of law, and certainly no principle of common honesty, which can justify the plaintiff in the position, that the defendant is estopped by his admissions, if they were made at the request of the plaintiff to subserve his own purposes. In the case of *Heane* vs. *Rogers,* 9 *B. & C.* 577, Mr. Justice Bayley says : " There is no doubt but that the express admissions of a party to the suit, or admissions implied from his conduct, are evidence, and strong evidence, against him ; but we think he is at liberty to prove that such admissions were mistaken or untrue, and is not estopped or concluded by them, unless another person has been induced

by them to alter his condition. In such a case, the party is estopped from disputing their truth, with respect to that person (and those claiming under him) and that transaction; but as to third persons he is not bound. It is a well established rule of law, that estoppels bind parties and privies, not strangers. *Co. Litt.* 352, *a; Com. Dig., Estoppel, C."* And in the language of Professor Greenleaf, *Greenl. on Evi.* 237, "it is, however, in such cases material to consider, whether the admission is made independently, and because it is true, or is merely conventional, entered into between the parties from other causes than a conviction of its truth, and only a convenient assumption for the particular purpose on hand. For, in the latter case, it may be doubtful whether a stranger can give it in evidence at all."

The plaintiff here has not been induced to alter his condition by the admissions of the defendant. He knew all the facts connected with the alleged sale to the defendant, and has not, therefore, been prejudiced by the admissions. The evidence of Robert Sanders certainly leaves the impression that the plaintiff might have wished to procure an admission from the defendant, that the property was his, for the purpose of using it as evidence against him, in an action for the price of the machine. And we think it very clear, that where a person has procured another to admit a fact to answer a particular purpose, he cannot, in a suit against the party making the admission, insist upon it as an estoppel.

We are, therefore, of opinion, that the instructions to the jury were correct.

The other question in the case is, whether the testimony of Drake, as to the statements by Barker, of the declarations of the plaintiff, was properly admitted.

The general rule appears to be well settled, that a witness may, as introductory to his testimony, state remarks of third persons, which called his attention to the subject. And provided such remarks are repeated by the witness merely as inducement to what he saw or did in relation to the matter,

and not as evidence in themselves, they are not exceptionable. Such statements, having no force, but as leading to something else, cannot form any proper ground of exception. They prove nothing, and can be regarded in no other light than as the introductory language of the witness himself. *Morris* vs. *Lessee of Harmer's heirs*, 7 *Pet.* 558.

The admissibility of the statements of Barker is put by the counsel for the defendant upon the ground that the witness, having stated a part of the conversation with Barker, the defendant was entitled to have all the conversation related. It is undoubtedly true, that where a witness has been cross examined as to a conversation with the adverse party in the suit, the counsel for that party has a right to lay before the court all that was said by his client in the same conversation, not only so much as may explain or qualify the matter introduced by the previous examination, but even matter not properly connected with the part introduced upon the previous examination; provided only, that it relate to the subject matter of the suit; because it would not be just to take part of a conversation as evidence against a party, without giving him at the same time the benefit of all that was said upon the occasion. The rule upon this point, and its limitations, are examined in *The Queen's Case*, 2 *Brod. & B.* 298; and a sound distinction is there made between a conversation which a witness may have had with a party to the suit, and a conversation with a third person. And it is there said, that "the conversation of a witness with a third person is not in itself evidence in the suit against any party to the suit. It becomes evidence only as it may affect the character and credit of the witness, which may be affected by his antecedent declarations, and by the motive under which he made them; but when once all which had constituted the motive and inducement, and all which may show the meaning of the words and declarations, has been laid before the court, the court becomes possessed of all which can affect the character or credit of the witness, and all beyond this is irrelevant and incompetent."

Davis v. Sanders.

The rule here laid down appears to us to be correct, and one which easily admits of application to practice. The witness having stated, as he might without impropriety, that Barker requested him to talk with the defendant, and see what he said about the machine, had fully explained the motive and inducement which he had to hold such a conversation. This is not exceptionable, because it is to be considered merely as the introductory language of the witness. It contains no fact material to the issue, and explains his motive; and it is only in this connection that the statements of Barker to Drake are at all pertinent. If the object had been to show that the plaintiff had admitted away his case, Barker should have been examined. His statements, when introduced as evidence in the case, are liable to all the objections that can be urged against hearsay evidence, and we think they were improperly admitted.

For this cause, the verdict must be set aside and a

*New trial granted.*