## Cummings *vs.* Nichols.

There is no particular form in which the book of a party must be kept, in order
to its admission in evidence, in support of his account. But it must be kept in
such a mode as to show, of itself, a charge against the adverse party, and the
nature of that charge, so that the book, in connection with the party's oath that
the book is his original book of entries, that the charges are in his hand-writ-
ing, that they were made at the time they purport to have been made, and at
or near the times of the delivery of the articles or the performance of the ser-
vices, will show the nature of the claim, without farther evidence from the party
to interpret the meaning of arbitrary characters, the signification of which is
known only to himself.

The entry in the book must be made at or near the time of the transaction, but no
particular time is limited beyond which it cannot be made. The court must
judge whether the circumstances of the case bring it within the rule. The en-
tries must not be memoranda made from the memory of things which have
long since passed. There must be dates to the entries. But it is not necessary
that the precise day of the month should be affixed to the charge in all cases.

The charges must be specific and particular; but in this respect some latitude is
allowed, depending upon the nature of the case.

Cummings *v.* Nichols.

The credits upon the book of one party cannot be used as evidence against the claims of the other party, for the same subject matter.

It is not a sufficient objection to the introduction of the book and oath, as evidence, that the subject matter of the entry may have been done, delivered, or received, under a special contract. If the articles were delivered, or the service performed, upon a special contract, but upon the delivery or performance there was nothing remaining but a duty to pay money, an action upon an account annexed to the writ may be sustained, to recover the price, provided the subject matter of the contract, when thus delivered, or performed, was, in the usual mode of keeping accounts, a proper matter to be charged upon the party's book. And when a charge has been duly made, it is susceptible of proof by the book and oath of the party, notwithstanding it may have had its origin in a special agreement, unless better evidence exists.

When a party seeks to recover the value of his labor, he may offer evidence to show that he possessed skill, and experience, in the particular trade or business in which he was employed.

And to rebut this, the other party may introduce evidence to show that the party performing the service was habitually intemperate.

ASSUMPSIT, upon an account annexed to the writ. The defendant had instituted an action against the plaintiff, founded on his account, and by agreement of the parties both actions were submitted to the jury at the same time.

Upon the trial, the plaintiff offered his book of accounts, with his oath, in support of the charges in the account. The book contained, among other charges, or memoranda, the following :

June, the —, 1840, begun to work for Ben. Nichols, and worked three months.

| | |
|---|---|
| June. Nine days & half to John Balls, | 9.50. |
| Thirty nine days hoeing and getting grain, | 39.00. |
| Fourteen days on the farm, | 9.50. |
| Then began to work, September, at carpenter work, and worked thirty-nine days, | 30.67. |
| And eight days on the farm, | 4.87. |
| December, 1840, three days making sled, | 2.50. |

After this there were several other entries, most of them for labor, one for cash, one for the use of tools and damage, all of them without any date.

The plaintiff had credited the defendant for divers arti-

cles; and, after credits in January, February and March, 1841, was the following : "Credit for board; days board, straight mark for days : | | | | | | | ' | | | | | ."

Subsequent to this, under the several dates of January, 1841, February, March and April, were divers other similar marks.

The plaintiff testified that he made the charges on his book, prior to those in the month of December, after the performance of the labor specified in those charges; and that the charges after the first of December were made by him in the order in which they stand on the book, and at the time the services were performed.

The defendant objected to the admission of the book as evidence to the jury, but the objection was overruled.

In order to show the value of his labor, the plaintiff introduced witnesses who were acquainted with his work, from having employed him; and who testified to his skill as a workman, that the work which he had done for them was well performed, and that he was energetic and industrious.

In order to rebut this evidence, the defendant then proposed to show that the plaintiff was intemperate in his habits. But the court ruled that the defendant might show that the plaintiff was not skillful as a workman, that his work was not well performed, and that he was not energetic and industrious, by the testimony of those who were acquainted with his work,—that the question was whether the work was well or ill done,—that, supposing him to be a person of intemperate habits, it did not follow that his work was ill done,—and that as the evidence had no tendency to show that the work was improperly performed, it was inadmissible.

There was evidence offered by Nichols, tending to show that whatever labor was performed by the plaintiff was done under a special contract to work by the month, and the plaintiff offered evidence tending to show that it was not done under such special contract.

The counsel for the defendant requested the court to charge the jury, that if they were satisfied that any portion of the labor charged in the plaintiff's account by the day was in fact done under a special contract by the month, the charges for that labor must be rejected under this declaration. But the court charged the jury, that in such case they must reduce the prices charged for labor, according to the contract proved.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial, on account of the admission of the plaintiff's book, the rejection of the evidence offered by the defendant, and the instructions of the court aforesaid.

*Cushing*, for the defendant. The case presents three dry points of law.

1. The admissibility of the plaintiff's book. The cases *Cogswell* vs. *Dolliver*, 2 *Mass.* 217 ; *Prince* vs. *Smith*, 4 *Mass.* 455 ; and *Eastman* vs. *Moulton*, 3 *N. H. Rep.* 156, bear upon this question ; but none of these can be cited as settling the particular points which arise here.

Books must be, on examination, such as will give additional weight to the oath of the party. They must be such as have weight of themselves. It is said that books are admitted from the necessity of the case. If a party has no other evidence, he is admitted to put in his own. In order to this, his book must have certain characteristics. It must appear to be the daily record of the daily transactions of the party. The charges must appear to be made at the time they purport to be made, and they must be made at or about the time the work was done. There must, therefore, be dates. The charges must be of such a nature as to afford a presumption that there is no better evidence. And they must be entries which show an intention to charge the defendant with a debt.

Examining the account of the plaintiff by these tests, we find under date of June, 53 days work, and September, 47 days. And we contend that, in point of fact, all that entry was made together. The book shows that all the entries

under the date of December were made at the same time. By reason of a want of dates, the book cannot be evidence.

On the credit side, tallies were argued to the jury as a matter of evidence to restrict the defendant's account.

2. The plaintiff offered evidence of skill, and the defendant offered to show that the plaintiff was of intemperate habits. The plaintiff introduced evidence to show that he worked well for A, and wished the jury to infer that therefore he worked well for B. If evidence may be offered that a party has skill, for the purpose of raising an inference that he worked well in a particular case, evidence of habits of intemperance tends to rebut that inference. One of the strong points the defendant had to overcome, was, the alleged improbability that a skillful carpenter would let himself for $10 per month. The evidence of intemperance tended to explain this.

3. The objection that the work appeared to have been performed under a special contract. The man who works by the month does not take the risk of bad weather. He who works by the day does. The question is, whether, under this declaration, a party declaring for labor by the day can recover for labor performed by the month. There is a material variance. Where an account is annexed to the writ, it becomes part of the declaration. 13 *Mass. R.* 284, *Rider* vs. *Robbins ;* 1 *Pick. R.* 368, *Robbins* vs. *Otis.* Work by the day bears a different price in the market from work by the month. This is not a fanciful objection. The defendant, by this form of declaration, has been precluded from taking some modes of defence that he would otherwise have been entitled to. If he had paid money into court, he would have admitted that the work was done by the day, and precluded himself from offering evidence to show that it was done by the month. If the plaintiff had declared for work by the month, his book could not have been used as evidence. 1 *Fairf.* 9, *Dunn* vs. *Whitney.*

*Hubbard,* for the plaintiff.

Cummings v. Nichols.

PARKER, C. J. There is no particular form in which the book of a party must be kept, in order to its admission as evidence, in support of his account. But it must be kept in such a mode as to show, of itself, a charge against the adverse party, and the nature of that charge, so that the book, in connection with the party's oath that the book is his original book of entries, that the charges are in his hand-writing, that they were made at the time they purport to have been made, and at or near the times of the delivery of the articles, or the performance of the services, will show the nature of the claim, without further evidence from the party to interpret the meaning of arbitrary characters, the signification of which is known only to himself. It may be in such characters as are in use by persons of a particular trade or profession, and which would not readily be understood by persons not conversant with the subject matter ; and in such case, evidence of other persons may be admitted, to explain the meaning usually attached to characters of that description. But in ordinary cases, the suppletory evidence of the party, in support of his book, goes no further than to the particulars above specified. 3 *N. H. Rep.* 157, *Eastman* vs. *Moulton.*

° The debit side of the plaintiff's account is not objectionable in this respect. The nature of the service is sufficiently set forth, and there is no exception that the entries on that side are in such form that it cannot be collected from the book itself that the charges were intended to be made against the defendant. If the straight marks upon the credit side of the account had been used to make charges, they would not of themselves be sufficiently specific to come within the rule ; but a question might arise whether they were not made so by the explanation which precedes them.

To be admissible, the entries should be made at or near the time of the transaction, and the oath of the party must verify that fact. No particular limit is fixed beyond which the entry cannot be made. The court must judge whether

the circumstances of the case bring it within the rule.    But it is clear that the entries must not be memoranda made from the memory of things which have long since passed.

The entries must have been made at the time they purport to have been made.    This implies that there must be dates, so far, at least, that the court may see that the case comes within the rule.    But it is not necessary that the precise day of the month should be affixed to the charge in all cases.    To require this would exclude the books of many individuals.    The book has been admitted when only the month has been specified, it appearing to be regular in other respects.

The charges must be specific and particular ; but in this respect some latitude is allowed, depending upon the nature of the case.    See 11 *N. H. Rep.* 167, *Bassett* vs. *Spofford.* In a charge for work and labor, continuing from day to day, for several days, it is not necessary to set down a charge for each day by itself.    But a brick-layer's charge for " 190 days work," and a physician's charge of " 13 dollars for medicine and attendance in curing the hooping-cough," have been rejected as too general and indefinite.    It has been said that this is a matter which must reside very much in the discretion of the judge, to be exercised according to the nature of the subject, and its susceptibility of being precisely charged.    *See the cases collected* 2 *Cowen & Hill's Phil. Ev.* 699 ; *Greenl. Evid.* 141.    If the charge be for labor, and it be a continuing service for three or four days, there seems to be no very cogent reason why it may not form the subject matter of a single charge.    On the other hand, if it continue for months, there is no reason, if the party relies upon his book, why he should not make his charges from week to week, or in other limited terms.

Upon the principles thus stated, it is apparent that some of the charges in the plaintiff's account are not such as can be substantiated by his book and suppletory oath.    Not having the original book before us, we have merely laid down

general rules applicable to the case. Something may depend upon its appearance.

It has been said, in the argument, that the credits on the plaintiff's book were used to restrict the defendant's claim in the other action, in which he is plaintiff, founded upon the subject matter of those credits. The most favorable light in which this can be viewed for the plaintiff is, to regard the claim in that action as if it had been filed in set-off in this, both actions having been tried at the same time. But the plaintiff's credits to the defendant, in his account, could not be used as evidence against the defendant's account, filed in set-off for the same subject matter. This is clear in principle ; and it seems to have been settled in *Summers* vs. *McKim*, 12 *Serg. & Rawle* 405, that where the plaintiff goes on his original entries, the defendant will not be allowed to give in evidence his own counter entries of the same work. *See the case cited in* 2 *Cowen & Hill's Phil. Ev.* 693. The rule does not extend so far as to authorize the use of his book, by a party, to curtail or defend the claims of other parties against him.

It is not a sufficient objection to the introduction of the book and oath, as evidence, that the subject matter of the entry may have been done, delivered, or received, under a special contract. Such entries are proof of the use of any thing hired and returned, respecting which there is often a special contract for time and price. *And see other cases collected* 2 *Cowen & Hill* 692.

It is settled that where labor is performed, materials furnished, &c., under a special contract, and the contract is fully performed, so that the money is due, and nothing remains to be done but to make payment, the party is not obliged to declare upon the contract, but may sustain an action upon the general counts. *Bull. N. P.* 139 ; *Roscoe's Evid.* 221 ; 3 *Stark. Ev.* 1762. The principle is applicable to our form of action upon an account annexed to the writ, which is but a general count for goods, labor, or whatever else may form

the proper subject matter of ordinary charges upon book.   If the articles were  delivered,  or the service  performed, upon some special contract, but upon the delivery or  performance there was nothing remaining  but a  duty to  pay money, an action upon an account annexed to the writ may be sustained, to recover  the  price, provided  the subject  matter of  the contract, when thus delivered, or performed, was, in the usual mode of  keeping  accounts, a  proper  matter  to  be  charged upon the party's book.   And when a charge  has been duly made, it is susceptible of  proof  by the book and oath of the party, notwithstanding  it  may have  had  its  origin in some special agreement, unless better evidence exists.

It  will  be  understood,  of  course, that  there are  divers matters, resting upon special  contract, which  do not furnish the proper subject matter of  a charge in account ;  as, for instance, a contract to pay the debt of another, which not only warrants no charge upon book, but comes within the statute of frauds requiring the promise to be in writing.

The defendant farther  objects, that  he was not  permitted to show that  the  plaintiff  was of  intemperate habits, in order to rebut in  some  degree the  conclusions which might otherwise be drawn from the evidence that the plaintiff  was a skillful workman.   We  are of  opinion that this  exception is well taken.

A doubt has been suggested whether the evidence to show the plaintiff  to be a person of  skill  in his trade, was rightly admitted ;  but we perceive  no  valid  objection to  that evidence.   The labor of  a  skillful workman  is  of  more value than that of  one who has little experience in  any particular trade or business, and entitles him to a higher compensation. And if the amount which  he  claims to  recover for  his services be contested, he  may surely show  that  he has the necessary skill and  experience, to  increase  the  value  which should be placed upon his services.

And on the  other  hand, evidence of  habitual intemperance has a tendency, greater  or less, to  rebut  the evidence

of skill and experience; it being the common knowledge of mankind that the labor of persons addicted to intemperance is not, under ordinary circumstances, of the same value as that of sober men.

If intemperance tends to produce irritability of the nervous system, weaken the muscular action, and impair the mental faculties,—all which is controverted by few at the present day,—evidence of its existence in any particular case certainly has a tendency to show that the labor and services of the subject of it are of less value, other things being equal, than those of one whose system is not thus affected. The weight of the evidence must depend upon the degree of the excess, and the particular circumstances of the case. It is sufficient here that the evidence is competent for the purpose for which it was offered.

*New trial granted.*