## PECKER & a. *vs.* HOIT.

In assumpsit for goods sold and delivered, the plaintiff is not bound to rely upon his book of accounts as evidence of the sale and delivery of the goods, although they may be there charged.

Books of account possess none of the uncontrollable qualities of a record, but are open to the same explanations as any other species of parol evidence.

A person who, at the request of another, makes an admission, is not estopped as against him from showing that the admission is not in fact true; but he may explain the circumstances under which it was made, in order to rebut any presumption against him arising from the admission.

The plaintiffs sold and delivered goods to the defendant, but at his request made the charges on their books against one Bradbury, for whom the defendant bought them, for the convenience of the defendant. In an action against the defendant to recover the price of the goods—*Held*, that the plaintiffs might show these facts, in order to rebut any presumption arising from the books that the credit was given to Bradbury.

ASSUMPSIT upon an account annexed to the writ, for goods sold and delivered.

At the trial, the plaintiffs proved that the defendant called at their store, with one James Bradbury, his apprentice, and selected some clothes for Bradbury's use, and requested the plaintiffs' clerk to charge them to Bradbury, as he wished the articles he took for his own use to be kept separate on the books from those which he procured for Bradbury, and said he would settle for them when he paid his own bill, and the clerk charged them to Bradbury accordingly.

The defendant objected to this evidence, on the ground that the book showed to whom the credit was given, and the charges being in writing, and made by the plaintiffs' clerk when the articles were delivered, parol evidence was not admissible, to contradict or control what was thus reduced to writing. But the objection was overruled, and the evidence admitted.

A verdict was returned for the plaintiffs, which the defendant moved to set aside.

*Ainsworth*, for the defendant. The books partake of the character of record evidence. It would be dangerous to permit

parties to vary, at pleasure, charges regularly made on their books. In *O'Harra* vs. *Hall*, 4 *Dall*. 340, it was held that where there was a written assignment of a bond, in general terms, parol evidence was not admissible to show that the assignor guaranteed the payment of the bond. So in *Jackson* vs. *Foster*, 12 *Johns*. 488, it was held that parol evidence was inadmissible to show that a lease, executed in the name of, and reserving a rent to one person, was intended for the benefit of another.

*Fowler*, for the plaintiffs. The answer to the defendant's position is, that the entries were not made as charges against Bradbury, but merely as memoranda, at the request of the defendant. Upon this evidence they would not be admissible in a suit against Bradbury. The plaintiffs are not bound to prove their case by their books, and any entries on them are susceptible of explanation.

GILCHRIST, J. The books of account of a party, fortified by his supplementary oath, are admitted in evidence, in his favor, by reason of the great convenience of this mode of proof of the ordinary dealings between individuals. *Woodes* vs. *Dennett*, [12 *N. H. Rep*. 510.] The evidence is inferior to the oral testimony of disinterested witnesses, and at common law is not admissible. The party may, in his discretion, waive his books altogether, and rely upon common law proof, by witnesses, or otherwise, although the books contain evidence of the matter for which he seeks to recover.

Nor do charges upon books of account possess any of the uncontrollable qualities of a record. They are as unlike a record, in the legal sense of the word, as anything written can well be. They are simply memoranda, made by a person in the course of his business. They are evidence made by himself, and are worthy of credit, or otherwise, according to the appearances which the books present. *Eastman* vs. *Moulton*, 3 *N. H. Rep*. 157; *Cummings* vs. *Nichols*, [13 *N. H. Rep*. 420.]

The charge against Bradbury, although regularly made upon the books of the plaintiffs, was made at the request of the defend-

ant, and for his convenience. Estoppels would be as odious as they are sometimes said to be, if the plaintiffs should be estopped by this entry from showing that the defendant is the true debtor. The charge against Bradbury is, without explanation, an admission that he is the debtor, but the other evidence shows that the contract was made with the defendant. It was held, in *Davis* vs. *Sanders*, 11 *N. H. Rep.* 263, that where a person has procured another to admit a fact to answer a particular purpose, he cannot, in a suit against the party making the admission, insist upon it as an estoppel. The same principle is applicable here; for it is always material to consider whether an admission is made independently and because it is true, or is merely conventional; entered into between the parties from other motives than a conviction of its truth, and only a convenient assumption for the particular purpose on hand. *Greenl. on Ev.* § 275. We are of opinion that the evidence was properly admitted, and that there should be

*Judgment on the verdict.*